**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Civil No. 06-542 (JRT/RLE)

In re: THE MATTER OF MONIES ON DEPOSIT IN ACCOUNTS AT STEARNS BANK NATIONAL ASSOCIATION

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND**

Stephanie Ann Ball, **FRYBERGER, BUCHANAN, SMITH & FREDERICK, P.A.**, 302 West Superior Street, Suite 700, Duluth, MN 55802-1863, for Stearns Bank National Association.

Alise M. Johnson, **UNITED STATES SECURITIES & EXCHANGE COMMISSION**, 801 Brickell Avenue, Suite 1800, Miami, FL 33131, for the Securities & Exchange Commission.

Charles E. Jones and Erica Gutmann Strohl, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for Diana Steinger.

Curt Miner, **COLSON HICKS EIDSON**, 255 Aragon Avenue, Second Floor, Coral Gables, FL 33134, for receiver Roberto Martinez.

Diana Steinger moves to remand this interpleader action to the Minnesota District Court for Stearns County, arguing that removal was inappropriate because this Court lacks subject matter jurisdiction. For the following reasons, the Court denies the motion.

**BACKGROUND**

On May 3, 2004, the United States Securities & Exchange Commission ("SEC") brought an enforcement action against Joel Steinger, his brother Leslie Steinger, and companies they controlled, alleging that they defrauded investors out of millions of dollars in violation of the federal securities laws. The SEC filed its action (the "SEC action") in the United States District Court for the Southern District of Florida ("the Court in the Southern District") in Miami. The day after the SEC filed its complaint, the Court in the Southern District entered an order freezing the assets of all the defendants in the SEC's action, including Joel Steinger's accounts with Stearns Bank, located in St. Cloud, Minnesota. The freeze stayed in effect during the entire litigation.

In December 2005, the SEC and Joel Steinger reached a settlement, and the Court in the Southern District entered a Final Judgment against Joel Steinger. The Final Judgment ordered Joel Steinger to pay $9.5 million in disgorgement and civil penalties to the SEC and to deposit those sums into the United States District Court registry in Miami, within 15 days of the Final Judgments' entry. The Final Judgment lifted the asset freeze so that Joel Steinger could liquidate assets to deposit the required payments into the court registry. During the fifteen-day liquidation period, Joel Steinger requested Stearns Bank to release the money in the accounts.

Meanwhile, Joel Steinger's wife, Diana Steinger, initiated divorce proceedings in the Florida Circuit Court for Broward County. On December 21, 2005, the Broward County Court issued an order prohibiting Joel Steinger from dissipating marital assets. Diana Steinger's counsel sent a copy of that order to Stearns Bank. On December 30,

2005, Stearns Bank filed an interpleader action in the Minnesota District Court for Stearns County, seeking to deposit the amounts held in Joel Steinger's accounts pursuant to Rule 67.02 of the Minnesota Rules of Civil Procedure. In Stearns Bank's petition, it specifically listed the SEC as a claimant to the funds at issue.

On January 9, 2006, the Stearns County Court granted Stearns Bank's petition, and ordered that all money on deposit in accounts at Stearns Bank within the scope of the asset freeze in the SEC action be deposited with the court, and that notice of the order be served to interested persons, and including the SEC. Stearns Bank then deposited approximately $7 million from those accounts into the Minnesota state court registry.

The following day, on January 10, 2006, the SEC was served with notice of the Stearns County Court order. The SEC then removed the action to this Court, and filed its answer to the interpleader action.

On February 24, 2006, the Court in the Southern District ordered turnover of the Steinger money at Stearns Bank and other banks into the Southern District Court Registry. The February 24, 2006 Order specifically references the same account that Stearns Bank deposited into the Minnesota state court registry, which is the subject of this action.

## ANALYSIS

An action for interpleader is available in the situation where several parties make a claim to money or property held by a disinterested third party. *See*, *e.g.*, *Mount Sinai Hosp. v. Blue Cross & Blue Shield of Minn.*, 1999 WL 672818 (Minn. Ct. App. Aug. 31,

1999) (citing Minn. R. Civ. P. 22, 67); *Blackmon Auctions, Inc. v. Van Buren Truck Center, Inc.*, 901 F. Supp. 287, 289 (W.D. Ark. 1995).  The device of interpleader allows the disinterested party to put the money into the custody of the court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.  *Mount Sinai*, 1999 WL 672818; *Blackmon Auctions*, 901 F. Supp. at 289.

Here, Stearns Bank, faced with claims from both the SEC and Diana Steinger to the funds in Joel Steinger's accounts, filed an interpleader action in Minnesota state court, which the SEC removed to federal court.  Diana Steinger moves to remand this action to state court, arguing that this Court lacks subject matter jurisdiction.

It is a fundamental precept that federal courts are courts of limited jurisdiction, whose power extends only to those controversies that satisfy certain Constitutional and statutory requirements.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371-72, 374 (1978).  The Court finds that 28 U.S.C. § 1442(a)(1) vests this Court with subject matter jurisdiction over the interpleader action, and that removal was appropriate.  Under § 1442(a), a civil action commenced in a state court against a federal agency may be removed by that agency to the appropriate United States district court.  28 U.S.C. § 1442(a).[1]  Section 1442 applies to interpleader actions where one of the claimants to the funds at issue was a federal agency.  *See*, *e.g.*, *Mallard Auto. Group, Ltd. v. LeClair Mgmt. Corp.*, 153 F. Supp. 2d 1211, 1213 (D. Nev. 2001) (Internal Revenue Service); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991) (Small Business

---

[1] Initially, § 1442 only permitted "officers" of agencies, as opposed to the agency itself, to remove under that section.  Congress amended § 1442(a)(1) in 1996 to insure that an agency has a right of removal.

Administration); *Niagara Mohawk Power Corp. v. Bankers Trust Co. of Albany, N.A.*, 791 F.2d 242 (2d Cir. 1986) (Department of Housing and Urban Development).

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Diana Steinger's Motion to Remand [Docket No. 13] is **DENIED**.


DATED:     July 26, 2006                              s/ John R. Tunheim         _
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge