# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

Civil No. 06-542 (JRT/RLE)

In re: THE MATTER OF MONIES ON
DEPOSIT IN ACCOUNTS AT STEARNS
BANK NATIONAL ASSOCIATION

**ORDER**

---

Alise M. Johnson, **UNITED STATES SECURITIES & EXCHANGE COMMISSION**, 801 Brickell Avenue, Suite 1800, Miami, FL 33131, for the Securities & Exchange Commission.

Charles E. Jones and Erica Gutmann Strohl, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for Diana Steinger.

In December 2005, the United States District Court for the Southern District of Florida ordered Joel Steinger to pay $9.5 million in disgorgement and civil penalties for violation of federal securities laws. Joel Steinger contacted Stearns Bank, located in St. Cloud, Minnesota, and requested that it liquidate his accounts and deposit them in the United States District Court registry in Miami, Florida. Because the Securities and Exchange Commission ("SEC") and Joel Steinger's former wife, Diana Steinger ("Steinger"), asserted competing claims to these accounts, Stearns Bank brought this interpleader action in Minnesota state court. The SEC removed the interpleader action, and on July 26, 2006 this Court issued an order denying Steinger's motion to remand.

Steinger now requests leave to file a motion to reconsider this Order, arguing that the Court lacks subject matter jurisdiction over the interpleader action.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court finds that Diana Steinger has not shown the compelling circumstances necessary to support her request for reconsideration. Steinger argues that the SEC may not remove the interpleader action from state court because the SEC is not a defendant to the action, and because the interpleader does not pertain to the collection of revenue. Under 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against a federal agency may be removed by that agency to federal court. Although no defendants were named in the interpleader action filed in Minnesota state court, the Court found that the SEC was specifically listed in Stearns Bank's petition as a claimant to the disputed funds, and was served with a notice of the state court order depositing those funds in a state court registry.

Given the SEC's strong interest in collecting on the federal judgment against Joel Steinger, the Court determined that this interpleader action fell within the general

purposes of removal under § 1442(a)(1).  *See Mallard Auto. Grp., Ltd. v. LeClair Mgmt.*

*Corp.*, 153 F. Supp. 2d 1211, 1212-13 (D. Nev. 2001) (allowing removal of state

interpleader action under § 1442(a) where Internal Revenue Service asserted claim

related to trust fund recovery penalties).  Diana Steinger fails to point to any authoritative

case law suggesting that interpleader claims cannot be removed under § 1442(a).  The

Court thus rejects a narrow interpretation of § 1442(a) that would bar removal of an

interpleader action by a federal agency seeking to collect on a court-ordered monetary

penalty.  *Cf. Watson v. Phillip Morris Cos., Inc.*, 420 F.3d 852, 855-56 (8th Cir. 2005)

(stating that removal statute should be broadly construed to provide federal agencies with

protection of a federal forum).  In short, Steinger presents no new claims or issues

constituting "compelling circumstances" under Local Rule 7.1(g).  The Court therefore

denies this request to file a motion to reconsider.


## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Steinger's request for leave to file a motion to reconsider the

Court's July 26, 2006 Order is **DENIED**.


DATED:        November 22, 2006                   _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                    United States District Judge