# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

In re: THE MATTER OF MONIES ON
DEPOSIT IN ACCOUNTS AT STEARNS
BANK NATIONAL ASSOCIATION

Civil No. 06-542 (JRT/RLE)

**MEMORANDUM OPINION
AND ORDER GRANTING
MOTION TO TRANSFER VENUE**

---

Alise M. Johnson, **UNITED STATES SECURITIES & EXCHANGE COMMISSION**, 801 Brickell Avenue, Suite 1800, Miami, FL 33131, for the Securities & Exchange Commission.

Charles E. Jones and Erica Gutmann Strohl, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for Diana Steinger.

This matter is before the Court on the motion of the United States Securities and Exchange Commission ("SEC") to transfer venue to the United States District Court for the Southern District of Florida. For the reasons set forth below, the Court grants the SEC's motion to transfer venue.

## BACKGROUND

On May 3, 2004, the SEC brought an enforcement action against Joel Steinger for alleged securities laws violations.[1] In December 2005, the United States District Court for the Southern District of Florida ordered Joel Steinger to pay $9.5 million in

---

[1] The factual background of this case is set forth in greater detail in *In re the Matter of Monies on Deposit in Accounts at Stearns Bank National Association*, 2006 WL 2069281, at **1-2 (D. Minn. July 26, 2006).

disgorgement and civil penalties for violation of federal securities laws.  Pursuant to the Order, Joel Steinger contacted Stearns Bank, located in St. Cloud, Minnesota, and requested that it liquidate his accounts and deposit them in the United States District Court registry in Miami, Florida.

Around the same time, Joel Steinger's wife, Diana Steinger ("Steinger"), initiated divorce proceedings against her husband in Florida state court.  On December 21, 2005, Steinger obtained a state court order prohibiting banks from transferring assets held for the benefit of Joel Steinger, in light of a potential divorce judgment against him.  Because the SEC and Steinger asserted competing claims to the Stearns Bank accounts, Stearns Bank brought an interpleader action in Minnesota state court.  The SEC removed the interpleader action from state court, and on July 26, 2006 this Court issued an Order denying Steinger's motion to remand.  The SEC now moves this Court to transfer venue of the interpleader action to the Southern District of Florida.

## ANALYSIS

## I.      MOTION TO TRANSFER VENUE

Under 28 U.S.C. § 1404(a), the Court may transfer a case to any other federal district court with jurisdiction "for the convenience of parties and witnesses, in the interest of justice."  The Eighth Circuit has held that § 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties,  (2) the convenience of the witnesses, and (3) the interest of justice."  *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 129 F.3d 688, 691 (8th

Cir. 1997). However, these enumerated factors are not exclusive, and "courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*

As a rule, "transfer under § 1404(a) should not be freely granted." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Federal courts typically give deference to a plaintiff's choice of venue, and the party seeking transfer bears the burden of proving that transfer is justified. *Id.* However, where the plaintiff has no underlying interest in where the case is litigated, as in an interpleader action, courts need not defer to the plaintiff's choice of venue. *Wilmington Trust Co. v. Gillespie,* 397 F. Supp. 1337, 1341 n.3 (D. Del. 1975).

## A.     Convenience of the Parties

Steinger first argues that because she has consented to venue in Minnesota her inconvenience is not at issue. Steinger further argues that the SEC will not be inconvenienced by litigation in Minnesota because it is a large governmental organization with offices around the country. Although the SEC has the resources to litigate in a variety of jurisdictions, all claimants to the interpleaded funds reside in Florida and have retained counsel in Florida. Further, the actions giving rise to the parties' competing claims occurred exclusively in Florida. *See Nelson v. Soo Line Rwy. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (stating that courts afford less deference to plaintiff's choice of forum where "the transaction or underlying facts did not occur in the chosen forum"). Finally, Steinger's preference for Minnesota-based litigation is entitled to no deference

from this Court.  Stearns Bank initiated this interpleader action in light of the competing claims asserted by the SEC and Steinger.  As such, Stearns Bank has no interest in the underlying litigation, and the Court finds no reason to afford any deference to its choice of forum.  *See Gillespie*, 397 F. Supp. at 1341 n.3; *Mutual of Omaha Ins. Co. v. Dolby*, 531 F. Supp. 511, 514 (E.D. Pa. 1982).  The Court therefore finds that the convenience of the parties supports transferring venue.

### B.    Convenience of the Witnesses

In determining whether a forum is convenient for party witnesses, courts focus on a number of factors including "the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions." *Graff*, 33 F. Supp. 2d at 1121.  The SEC has identified eleven witnesses who will likely testify in this matter, all of whom are located in the Southern District of Florida. Additionally, most of the relevant documents and other evidence pertaining to this matter are located in Florida.  Steinger argues that the convenience of the witnesses does not support transfer because this action is likely to be resolved at summary judgment.  The Court disagrees.  The convenience of the witnesses factor does not require the Court to assess the likelihood of any particular outcome in the underlying litigation.  *Cf. Pounds v. Morena*, 1997 WL 1068705, at *2 (E.D.N.Y Aug. 14, 1997) (declining to consider the possibility of settlement or summary judgment in analyzing the convenience of witnesses factor).  Although courts may transfer venue at any time during the case, *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991), the Court

concludes that the location of SEC witnesses and related evidence in Florida supports transferring venue at this stage of the proceedings.

### C.      Interest of Justice

The interest of justice factor is weighed very heavily.  *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996).  In weighing the interest of justice, the Court considers several factors including the familiarity of the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum.  *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1403 (D. Minn. 1991).  As noted above, the plaintiff's choice of forum is given little deference in an interpleader action where the plaintiff has no interest in the underlying litigation.  However, the Court finds that judicial resources and efficiency are furthered by transferring this action to the Southern District of Florida, as both federal and state courts in Florida have issued orders related to the interpleaded funds and are familiar with the underlying facts of the dispute.  *Cf. Graff*, 33 F. Supp. 2d at 1122 (holding that the interest of justice supports transfer where two separate actions relating to the same facts are pending in different courts).  Further, the Court finds that the United States District Court for the Southern District of Florida is better suited to resolve the potential conflict between its order and the order of the Florida state court that gave rise to this interpleader action.  As such, the interest of justice supports transfer under § 1404(a).

The Court is mindful that, as a general rule, transfer of venue should not be freely granted, and indeed this Court is always particularly reluctant to transfer venue out of the District of Minnesota.  However, the Court concludes that in this case, the convenience of the parties and witnesses, the interest of justice, and the particular circumstances of this case support transferring this interpleader action to the Southern District of Florida. Accordingly, the SEC's motion to transfer venue should be granted.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The SEC's motion to transfer venue to the United States District Court for the Southern District of Florida [Docket No. 41] is **GRANTED**.

2.      The Clerk of Court is **DIRECTED TO TRANSFER** this case to the United State District Court for the Southern District of Florida.

DATED:    December 29, 2006                       _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                     United States District Judge